UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
UNITED STATES OF AMERICA            :
                                    :     **ORDER**
v.                                  :
                                    :     13 CR 233 (VB)
JUAN CARLOS RODRIGUEZ-FRANCISCO,    :
                    Defendant.      :
--------------------------------------------------------------x

By letter dated April 19, 2020, entitled "emergency motion for release threat of COVID-19," which will be separately docketed, defendant moves for a reduction of sentence to "time served," pursuant to 18 U.S.C. § 3582(c)(1)(A).

For the following reasons, the motion is DENIED.

First, it is not clear from the letter whether defendant has made a request to the Bureau of Prisons ("BOP") for the BOP to move for a reduction of sentence under Section 3582(c)(1)(A) and then either fully exhausted his administrative rights to appeal the BOP's failure to bring such a motion, or waited 30 days until after he made the request, whichever is earlier, to file his own motion. Defendant says he made a request to be released to home confinement under the CARES Act and the Attorney General's recent memoranda regarding same, but that is not the same as a request to the BOP to move for a reduction of sentence under Section 3582(c)(1)(A). Therefore, it does not appear defendant has properly exhausted his administrative remedies.

In any event, even if defendant had properly exhausted his administrative remedies under the statute, the application to reduce his sentence to time served is plainly without merit. On November 21, 2014, defendant was sentenced to 15 years (180 months) in prison for operating a large-scale drug trafficking operation out of his apartment and possessing numerous firearms in furtherance thereof, both of which were exceptionally serious crimes. (Doc. #38). The Court imposed this sentence after defendant had been lawfully arrested, prosecuted, and convicted, and after careful consideration of all the 18 U.S.C. § 3553(a) factors. It was a just sentence then; it is a just sentence now. According to the BOP website, defendant's expected release date is December 22, 2025. To shorten the sentence by more than five years in light of the current public health crisis would not promote respect for the law; it would promote disrespect for the law. And it would undermine critical sentencing objectives in this case, namely, the need for the sentence imposed to afford adequate deterrence to criminal conduct and protect the public from further crimes of the defendant.

Furthermore, the Court can reduce a sentence under Section 3582(c)(1)(A)(i) only if there are "extraordinary and compelling reasons [that] warrant such a reduction." The reasons defendant cites in his letter, in conclusory fashion, are that he is susceptible to contracting and dying from COVID-19, coupled with his "present conditions of confinement." As support for these assertions, defendant says that "at least one staff member" at his facility has contracted the disease and that one inmate recently exhibited symptoms. On this record, there is no basis to conclude there are extraordinary and compelling reasons that warrant a reduction of defendant's

1

sentence.  Defendant is a 40 year-old man.  He is not elderly.  He is not sick.  Of course he is at risk for contracting the virus, but so is everyone else in this country.  And the Court is aware of significant measures that the BOP has taken to respond to the COVID-19 threat and thereby mitigate its spread.

Accordingly, defendant's motion for a reduction of his term of imprisonment to "time served" is DENIED.

In addition, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Chambers will mail a copy of this Order to defendant at the following address:

Juan Carlos Rodriguez-Fernandez
Reg. No. 68295-054
LSCI Allenwood
P.O. Box 1000
White Deer, PA  17887

Dated: April 21, 2020
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge