UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
UNITED STATES OF AMERICA          :
                                  :   **MEMORANDUM OPINION**
                                  :   **AND ORDER**
v.                                :
                                  :   13 CR 233-1 (VB)
JUAN CARLOS RODRIGUEZ-FRANCISCO,  :
                    Defendant.    :
--------------------------------------------------------------x

Briccetti, J.:

  By motion dated January 4, 2021, defendant Juan Carlos Rodriguez-Francisco seeks a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). This is defendant's third such motion, the first two of which were denied both because defendant had not exhausted his administrative remedies as required by the statute, and because, on the merits, he had not demonstrated "extraordinary and compelling" reasons warranting an early release. Defendant has now exhausted his administrative remedies. However, the request for a reduction of sentence continues to be without merit, and it is therefore DENIED.

  Defendant's crimes were exceptionally serious, and the passage of time have not made them less so. In March 2013, a camera installed by law enforcement outside defendant's apartment captured a woman leaving the apartment carrying a large, gift-wrapped box, which she placed in a car and then drove away. The car was stopped, and the box was searched. Inside, agents found a computer tower containing $140,000 in United States currency in vacuum-sealed bags. Defendant's apartment was also searched, inside which agents found an arsenal of dangerous weapons, including a loaded AK-47 style rifle, a loaded pistol, a shotgun, a gun that appeared to be designed to launch projectiles, a silencer, several high-capacity clips and magazines, and hundreds of rounds of ammunition. Agents also found an additional $232,000 in United States currency, a notebook containing records of drug transactions, thousands of glassine

1

envelopes and rubber bands, heat sealers, grinders containing heroin residue, and Ziploc bags containing trace quantities of heroin. Plainly, defendant was operating a large-scale heroin trafficking operation out of his apartment and possessed numerous dangerous weapons in furtherance thereof.

On April 2, 2014, defendant pleaded guilty to conspiring to distribute and possess with intent to distribute more than a kilogram of heroin, which carried a mandatory minimum sentence of ten years' imprisonment, as well as to possessing firearms in furtherance of the heroin conspiracy, which carried a mandatory minimum consecutive sentence of five years' imprisonment. At sentencing on November 21, 2014, after careful consideration of all the factors set forth in 18 U.S.C. § 3553(a), the Court sentenced defendant to a term of imprisonment of 180 months (fifteen years), followed by five years of supervised release, and ordered defendant to forfeit a sum of money equal to $400,000 in United States currency. The Court found that the sentence was sufficient but not greater than necessary to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public from further crimes of the defendant.

Defendant has been detained since his arrest on March 12, 2013. To date, he has served approximately ninety-five months of his 180-month sentence, or slightly more than half of the sentence imposed.

The law does not permit a sentence of imprisonment to be reduced once it has been imposed, except in the rare circumstance in which the Court, "after considering the factors set forth in section 3553(a) to the extent that they are applicable, . . . finds that . . . extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). In the instant motion, defendant argues that FCI Allenwood Low, where he is housed, is a "hotspot" for

COVID-19; he has underlying health conditions that make him vulnerable to severe illness from the disease, namely obesity, obstructive sleep apnea, and pre-diabetes (as well as sinusitis, bouts of bronchitis, nose bleeds, and a previous surgery to remove his tonsils, correct a deviated septum, remove nasal polyps, correct his turbinate, and effect a sinus adjustment); he has already contracted COVID-19; he has made efforts at rehabilitation; and his mother has health issues and would benefit from his assistance. Defendant claims these circumstances, alone or in combination, constitute extraordinary and compelling reasons warranting his release.

The Court is not persuaded.

First, although it appears FCI Allenwood Low recently had an outbreak of COVID-19 cases, the number of positive inmates is now seven, compared to the fifty-seven positive inmates at the time defendant filed the instant motion on January 4, 2021. Also, 281 inmates have recovered from the disease, and there have been no inmate or staff deaths attributed to the disease. See Federal Bureau of Prisons, COVID-19 Cases, https://www.bop.gov/coronavirus/ (last visited Feb. 1, 2021). In other words, while the pandemic continues to be a matter of grave concern, it appears that conditions at FCI Allenwood Low have improved in recent weeks. Also, the risk of infection, by itself, does not constitute an extraordinary and compelling reason for release. If it did, the entire inmate population of a facility like FCI Allenwood Low would be released.

Moreover, defendant is 41 years old. He is neither elderly nor infirm. He claims to be obese, but his medical records show his weight has fluctuated, and that for most of the time he has been in prison he was not obese. Only recently has he become borderline obese, a function of his modest weight gain in recent months. Defendant's medical records also show he has been able to lose weight in the past, and there is no reason to think that by exercising and controlling

3

his diet, he cannot do so again in the future.  Indeed, according to the presentence report, he told the probation department prior to sentencing that since his arrest in 2013 he had lost fifty pounds through diet and exercise.  Regarding sleep apnea and pre-diabetes (and the other health issues mentioned above), none of these conditions is deemed by the Centers for Disease Control and Prevention ("CDC") to place an individual at greater risk of severe illness from COVID-19.  See CDC, People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Feb. 1, 2021).  And, of course, pre-diabetes is not diabetes.

Further, defendant's medical records reflect that he tested positive for COVID-19 on December 5, 2020, and suffered from a cough, body aches, headache, and other symptoms.  As a result, he was placed in quarantine and isolation.  Within ten days, according to the medical records, he was largely symptom-free.  He claims to have lingering effects, but because he has already had (and fortunately recovered from) the disease, his risk of reinfection is extremely low. See CDC, Reinfection, https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html (last visited Feb. 1, 2021) ("Cases of reinfection with COVID-19 have been reported, but remain rare.").  Thus, a sentence reduction based on the risk of contracting the virus again makes no sense.  See United States v. Hawkins, 2021 WL 40206, at *2 (E.D.N.Y. Jan. 5, 2021); United States v. Hardy, 2020 WL 7711676, at *2 (S.D.N.Y. Dec. 29, 2020); United States v. McCallum, 2020 WL 7647198, at *1 (S.D.N.Y. Dec. 23, 2020).

In addition, defendant appears to have made substantial efforts at rehabilitation, which the Court encourages him to continue.  However, although it may be considered along with other relevant factors, rehabilitation alone is not an extraordinary or compelling reason warranting

4

early release from a lawfully imposed prison sentence.  See  28 U.S.C. § 994(t); accord, United States v. Brooker, 976 F.3d 228, 237-38 (2d Cir. 2020).[1]

And regarding defendant's claim that his mother, who has health concerns, would benefit from defendant's assistance, there is no indication that other family members are not providing adequate assistance.  Indeed, the presentence report indicates that one of defendant's brothers resides with their mother.  In any event, defendant's understandable desire to help his mother simply does not constitute an extraordinary or compelling reason warranting his release.

All of these circumstances are relevant to the decision of whether to grant the motion, and the Court has considered them all, alone and in combination.  However, having done so, the Court finds they do not amount to extraordinary and compelling reasons warranting defendant's early release from prison.

Finally, and importantly, Section 3582(c)(1)(A) mandates that the Court also consider the Section 3553(a) factors "to the extent that they are applicable."  The Court has done so here.  The exceptionally serious nature of defendant's offenses warranted a lengthy prison sentence at the time it was imposed; nothing has changed to warrant cutting that sentence by nearly one-half.  Indeed, the sentence was designed to promote respect for the law and provide just punishment for the offense.  To substantially reduce the sentence would neither be just nor promote respect for the law; if anything, it would promote disrespect for the law.  And shortening defendant's sentence by several years would undermine two other critical sentencing objectives in this case, the need for the sentence imposed to afford adequate deterrence to criminal conduct and to

---

[1]     The Court notes that defendant's filing of a series of meritless post-sentencing motions over the years—claiming, among other things, that he was "actually innocent" notwithstanding his guilty plea, and falsely accusing his attorney of misconduct—while legally permissible, is nonetheless inconsistent with fully accepting responsibility for his offenses, which is the first step toward rehabilitation.

protect the public from further crimes of the defendant. These sentencing factors not only supported the sentence at the time it was imposed, they also weigh strongly against defendant's early release.

Accordingly, defendant Juan Carlos Rodriguez-Francisco's motion for a reduction of sentence is DENIED.

Dated: February 1, 2021
      White Plains, NY

SO ORDERED:

Vincent L. Briccetti
United States District Judge